✎ AO 472 (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

__WESTERN__ District of __NORTH CAROLINA__

UNITED STATES OF AMERICA

V.

ELLIS JAMES GREEN

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case 1:00 cr 6-7

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense

- for which a maximum term of imprisonment of ten years or more is prescribed in _____.
- under 18 U.S.C. § 924(c).

(2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

(1) There is a serious risk that the defendant will not appear.

X (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by X clear and convincing evidence ☐ a preponderance of the evidence that

SEE ATTACHED ADDENDUM TO DETENTION ORDER

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

_____  _____
*Date*                    *Signature of Judge*

Dennis L. Howell, United States Magistrate Judge
*Name and Title of Judge*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:00 cr 06-7

**UNITED STATES OF AMERICA,**

Vs.                                                                                      **ADDENDUM TO DETENTION ORDER**

**ELLIS JAMES GREEN.**

**I.  FACTORS CONSIDERED**

**18 U.S.C. § 3142:**

**(g) Factors to be considered.**--The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--

**(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

    **(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    **(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

## II. FINDINGS

**As to factor:**

**(g)(1):** The nature and circumstances of the offense charged involve a conviction in 2001 of conspiracy to possess with intent to distribute cocaine base. The allegations regarding violations of supervised release also involve the use of controlled substances by the defendant and failure of the defendant to comply with terms and conditions of release regarding drug testing and drug treatment.

**(g)(2):** The weight of the evidence against the person appears to be strong and significant.

**(g)(3):** The history and characteristics of the person

(A) Family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history and record concerning appearance at court appearances indicate that the defendant has family ties in the community where he lives and he has had employment. The defendant has had a long length of residence in the Rutherford County community. In regard to the defendant's criminal history relating to drug or alcohol abuse, the defendant has the following convictions:

| Offense | Conviction Date |
|---|---|
| Driving while impaired | 03/02/89 |
| Possession of a malt beverage, driving after consuming malt beverage | 04/25/91 |
| Felony conspiracy to distribute crack cocaine | 04/04/97 |
| Misdemeanor possession of marijuana | 12/29/93 |
| Possession of a schedule II controlled substance | 02/01/00 |

In addition to the above referenced offenses, the defendant has the following additional criminal convictions:

| Offense | Conviction Date |
|---|---|
| Shoplifting and concealment of goods | 02/10/89 |
| Breaking & entering a motor vehicle, misdemeanor larceny, breaking or entering felonious larceny, breaking or entering and felonious larceny | 05/07/87 |
| Operating a vehicle with no insurance | 04/25/91 |
| Felonious larceny | 02/13/89 |
| Driving while license revoked | 11/29/89 |
| Defrauding an innkeeper | 07/17/90 |
| Driving while license revoked | 08/13/91 |
| Non-support of child | 12/07/90 |
| 6 counts of either common law forgery or uttering | 08/05/92 |
| Misdemeanor larceny, 2 counts | 08/05/92 |
| Driving while license revoked | 10/20/92 |

| | |
|---|---|
| Common law forgery | 10/21/92 |
| Misdemeanor larceny | 12/08/93 |
| Obtaining property by false pretense | 02/08/94 |
| Assault on a female | 01/30/98 |
| Violation of domestic violence protection order | 05/15/98 |
| Violation of domestic violence protection order | 04/09/99 |
| Worthless check | 02/01/00 |
| Resisting an officer | 02/01/00 |
| Failure to appear on a misdemeanor | 02/01/00 |

The defendant was also convicted in the United States District Court for the Western District of North Carolina of conspiracy to possess with intent to distribute cocaine base.

The defendant's record concerning appearance at court appearances shows that the defendant has failed to appear.

   (B) At the time of the current offense or arrest, the defendant was on probation, parole or other release pending trial, sentencing, appeal or completion of sentence. It appears that this factor does exist. The defendant was serving a term of supervised release.

**(g)(4):** The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate that the release of the defendant would create a risk of harm or danger to any other person or the community. The defendant has continued to use crack cocaine during the period that he was serving a term of supervised release. Also, the defendant has repeatedly refused and failed to report for drug testing. From November 30, 2006 to August 15, 2008 the defendant had failed to report on eleven occasions for drug testing. These acts by the defendant show by clear and convincing evidence that he continuing to use controlled substances and that his release would create a risk of harm or danger to any other person or the community.

The undersigned does not find by a preponderance of the evidence that the release of the defendant would create a risk of flight on his part.

**WHEREFORE**, it is **ORDERED** that the defendant be detained pending further proceedings in this matter.

Signed: September 26, 2008

Dennis L. Howell
United States Magistrate Judge